

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed November 9, 2009                                      **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| IN RE: | § CASE NUMBER: 08-70039 |
| TATE, DONNA | § |
| DEBTOR(S) | § CHAPTER 13 |

### AGREED ORDER CONDITIONING AUTOMATIC STAY

On this date, the Motion of Ocwen Loan Servicing as servicing agent for U.S. Bank N.A., in its capacity as Trustee for the holders of Morgan Stanley Dean Witter Capital I Inc. Trust 2002-HE1 Mortgage Pass-Through Certificates, Series 2002-HE1, its successors in interest and/or assignees, Movant, for Relief from Stay of action against the property of TATE, DONNA, Debtor(s), was considered by this Court. Upon the appearance of Movant and Debtor(s), IT IS ORDERED as follows:

I.

Pursuant to the terms of that certain Promissory Note held by Movant, secured by a Deed of Trust encumbering the Debtor(s) real property described below, Debtor(s) shall disburse directly to Movant, promptly when due, each monthly installment that falls due on or before the

1st day of each consecutive month, beginning the 1st day of December 2009.  These installments are currently $691.92 per month plus a late fee of $22.53 if any payment is not received by Movant by the 15th of the month when due.

## II.

In addition to the above payments, Debtor(s) shall cure the $2,285.30 in post petition arrearage now owed to Movant, which is described as follows:

| | |
|---|---:|
| September 2009 through November 2009 @ $691.92 | $2,075.76 |
| Accrued Late Charges | $45.06 |
| Attorney's Fees | $675.00 |
| Unapplied Funds | <$510.52> |
| TOTAL | $2,285.30 |

## III.

Debtor(s) shall have thirty (30) days from the date of the filing of the trustee's recommendations concerning claims to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $2,285.30 to be paid by the Chapter 13 Trustee through the Debtors Chapter 13 Plan. Movant's Amended Proof of Claim shall be allowed in full as a secured claim.

## IV.

Further, Debtor(s) shall be allowed forty-five (45) days to provide proof of any additional post petition payments not previously credited to the account with Movant and if the same is provided then these additional payments shall be reduced accordingly.

Payments hereunder shall be mailed to Movant at the following address:

Ocwen Loan Servicing, LLC
Attn: Cashiering Department
1661 Worthington Rd
Suite 100
West Palm Beach, FL 33409

V.

Debtor(s) shall make all Trustee payments promptly when due, according to the provisions of their Chapter 13 Plan.

VI.

Should Debtor(s) default on any of the terms of this Order, Movant shall mail notice of the default, to the Debtor(s) by certified mail, return-receipt-requested.  Should Debtor(s) not cure the default within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. Sec 362 shall be and is hereby ordered lifted with respect to Movant. After Movant has sent two (2) such notices and the defaults have been cured, then upon the third default of the terms of this Order the automatic stay shall terminate without further notice or action by the Court. In the event of termination of the automatic stay, Movant, or its successor in interest, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies to gain possession of the following described property:

> LOT NUMBER EIGHT (8), BLOCK NUMBER FOURTEEN (14), SOUTHLAND ADDITION, AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN VOLUME 1, PAGE 46, WICHITA COUNTY PLAT RECORDS.; MORE COMMONLY KNOWN AS 1824 ELIZABETH AVENUE, WICHITA FALLS, TX 76301

It is further Ordered that MOVANT shall give the Trustee notice immediately upon foreclosure and that MOVANT shall amend or withdraw its claim herein within 20 days after foreclosure.

Should Debtor(s) case convert to a Chapter 7, be dismissed or should Debtor(s) receive a Discharge of Debts before the terms of this Order are complete, then the automatic stay shall terminate without further notice or action by the Court.

Otherwise, the Automatic Stay of 11 U.S.C. Sec 362 shall remain in effect.

###END OF ORDER###

| | |
|---|---|
| BAXTER SCHWARTZ & SHAPIRO | MONTE J. WHITE & ASSOCIATES, P.C. |
| */s/Sarah E. Sibley* | */s/Monte J. White (with written permission)* |
| Sarah Elizabeth Sibley | MONTE J. WHITE |
| State Bar Number 24043439 | SBOT 00785232 |
| Baxter, Schwartz & Shapiro, LLP | 1106 BROOK AVENUE |
| 5450 NW Central Drive, Suite 307 | Wichita Falls, TX 76301 |
| Houston, TX 77092 | PHONE 940.723.0099 |
| Telephone: 713-933-1529 | FAX 940.723.0096 |
| Facsimile: 713-933-2429 | ATTORNEY FOR DEBTOR(S) |
| Email: ssibley@logs.com | |